THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. THOMAS BAMBRICK, Appellant.

(Argued June 15, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Supreme Court, rendered December 16, 1915, at a Trial Term for the county of New York, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Alexander Karlin* for appellant.

*Edward Swann, District Attorney (Robert C. Taylor* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.
Concur: HISCOCK, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ.   Absent: WILLARD BARTLETT, Ch. J.

---

HELLENE DOSZTAL, as Administratrix of the Estate of LOUIS DOSZTAL, Deceased, Respondent, v. H. G. KOTTEN COMPANY, Appellant.

*Dosztal y. Kotten Company*, 166 App. Div. 923, affirmed.
(Submitted June 16, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 7, 1915, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. The intestate while at work in defendant's tool-making shop was caught by unguarded belting and received injuries causing his death. The defense was contributory negligence.

*Ira Jay Dutton* and *George P. Fall* for appellant.

*Henry L. Slobodin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ.

---

MAURICE DEICHES, as Receiver of the ÆTNA INDEMNITY COMPANY, Respondent, *v.* WESTERN DEVELOPMENT COMPANY, Appellant.

*Deiches* v. *Western Development Co.*, 164 App. Div. 948, affirmed.
(Submitted June 16, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 19, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court in an action to recover upon certain promissory notes. The answer of the defendant admits the making of the notes, denies that the plaintiff was duly appointed receiver of the Ætna Indemnity Company or has any right, power or authority to bring the action, denies that the notes form part of the property and assets of the Ætna Indemnity Company, and pleads four separate and distinct defenses. Upon the trial the only defense urged by the defendant was that set up in the first separate defense, the allegations of which are that the notes were executed and delivered by the defendant to the Ætna Indemnity Company pursuant to a written agreement between the defendant, the Ætna Indemnity Company and Otto Heinze & Company; that the agreement recites that the Ætna Indemnity Company owned or controlled certain judgments against Otto Heinze & Company; but that the Ætna Indemnity Company did not own or control any judgments against Otto Heinze & Company, and that there was a total failure of consideration for the notes.